

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-25-00213-CR

SKYLER CANNON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. CC-2024-CR-1842, Honorable Tom Brummett, Presiding

July 15, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Skyler Cannon, appeals from her jury conviction for criminal trespass of a habitation.[1]  In one issue, she contends the evidence is legally insufficient to prove she intentionally and knowingly remained in the habitation of another without effective consent after receiving notice to depart.  We affirm.

---

[1] *See* TEX. PENAL CODE § 30.05.

## BACKGROUND

On January 7, 2024, Appellant was a guest at an Extended Stay America hotel in Lubbock. The charging information alleged that she remained in the habitation of Lorenzo Martinez III, the hotel's assistant general manager, without effective consent after receiving notice to depart.

Two calls to 911 shaped the day's events. Hotel management placed the first call at 12:44 p.m.; Lubbock police officers Lloyd Rampy and Everett Stamps arrived at 1:04 p.m. According to Officer Stamps, the officers acted as mediators between Appellant and hotel management. The resolution reached was that Appellant would have thirty minutes to gather her belongings and leave. The officers' call sheet reflected that additional time might be needed because Appellant had a large quantity of belongings. The first officers cleared the scene at 2:01 p.m.

Hotel management called for police again approximately thirty minutes later after Appellant remained on the premises. Officers Justin Rindlisbacher and Geoffrey Sharp responded at 4:18 p.m. They knocked on Appellant's door for approximately twenty minutes, heard music playing inside, knocked during breaks in the music, and received no response. Hotel management then provided a master key. When the officers entered, Appellant was still in the room, and items remained throughout the kitchenette and living area. Officer Sharp arrested Appellant for criminal trespass.

Roshan Bhakta, the hotel's general manager, testified that Martinez was the assistant general manager and had authority over the property. Martinez himself did not testify.

2

Appellant testified in her own defense.  She acknowledged that Martinez told her she could not renew her stay and that she understood she needed to leave.  She contended that Martinez had entered her room while she was undressed and in bed, that the exchange left her upset, that the elevator was not working, and that she had the belongings one might expect in a studio apartment.  Appellant testified that she believed the first officers understood she would need more than thirty minutes and that she was packing when the second officers arrived.  On cross-examination, Appellant admitted telling officers that she did not have to answer and that they could "knock the door down."

The jury found Appellant guilty.  The trial court assessed punishment at two days of confinement, with credit for time served.

## ANALYSIS

In her sole issue, Appellant argues that the evidence is insufficient to support her criminal trespass conviction.  Appellant contends the State failed to prove beyond a reasonable doubt that Appellant intentionally remained at the hotel without consent to do so.  We disagree.

Our sufficiency determination is directed by the familiar standard of *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979).  We view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson,* 443 U.S. at 318–19; *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  This standard gives full play to the trier of fact's responsibility of resolving conflicts in testimony, weighing evidence, and drawing reasonable inferences from basic facts to ultimate facts.  *Hooper,*

214 S.W.3d at 13 (citing *Jackson,* 443 U.S. at 318–19). The trier of fact is the sole judge of the credibility of witnesses and the weight, if any, given to their testimony. *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Where the record supports conflicting inferences, we presume the jury resolved them in favor of the verdict and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Sufficiency of the evidence is measured against the elements as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

A person commits criminal trespass if the person enters or remains on the property of another without effective consent and either had notice that entry was forbidden or received notice to depart and failed to do so. TEX. PENAL CODE § 30.05(a); *Martin v. State*, No. 07-11-00102-CR, 2012 Tex. App. LEXIS 2587, at *3 (Tex. App.—Amarillo Mar. 30, 2012, no pet.). The offense is a Class A misdemeanor when committed in a habitation. TEX. PENAL CODE § 30.05(d)(3)(A).

Appellant does not dispute that the events occurred on the date alleged or that she was still in the hotel room when Officers Rindlisbacher and Sharp entered. She contends that the record shows she had been given time to pack and was in the process of leaving when she was arrested. But our task is not to decide whether a rational juror could have believed her account of the events, but whether the record compelled the jury to do so.

Appellant's testimony acknowledged that she could not extend her stay and that she needed to leave the hotel. Officer Stamps corroborated that account, describing the resolution after the first police response as Appellant packing up and going. Even

4

accepting that Appellant was given time to gather her property, the jury could find she had been told to leave and that Appellant knew it.

Under Section 30.05, "remaining" on the premises occurs when the defendant stays any length of time after notice to depart. *Hernandez v. State*, 783 S.W.2d 764, 765 (Tex. App.—San Antonio 1990, no pet.). How long a defendant may reasonably remain to gather her belongings is a fact question for the jury. Here, the timeline permitted the jury to find that any temporary permission to remain for packing had ended before the second officers arrived. The first 911 call came at 12:44 p.m., officers arrived shortly after 1:00 p.m., and the call cleared at 2:01 p.m. Hotel management called again at 2:32 p.m., but Officers Rindlisbacher and Sharp did not reach the property until 4:18 p.m. By then, more than three hours had passed since police first responded to the hotel, yet Appellant remained. Even crediting the first officers' observation that Appellant might need more than thirty minutes to pack, the jury could find that her continued presence hours later exceeded any accommodation she had been given.

Appellant's intent and knowledge may also be inferred from circumstantial evidence, including her acts, words, and conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). The jury heard that Appellant remained in the room for hours after being told to leave, did not respond to officers who knocked for approximately twenty minutes, and told them she did not have to answer and that they could knock the door down. From this evidence, the jury could find that Appellant knew she had been told to

5

leave, knew management and officers were at her door to enforce that instruction, and nevertheless refused to do so.[2]

We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's issue, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.

---

[2] Martinez's absence from trial does not disturb this conclusion. Bhakta testified that he was the hotel's general manager and that Martinez had authority over the property. Appellant herself identified Martinez as the manager who told her she could not renew her stay. This permits a rational conclusion that Martinez, as the hotel's agent, had a greater right to possession of the room than Appellant.